UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT DALLAS<br><br>   -versus-<br><br>UNITED STATES OF AMERICA, AS THE U.S. ARMY CORPS OF ENGINEERS | **9(h) Admiralty and Maritime**<br><br>Case No.:<br>_____<br><br>Judge:<br><br>Magistrate Judge: |

## COMPLAINT

1. Plaintiff, Robert L. Dallas ("Captain Dallas"), is an adult resident of Picayune, Mississippi. At all material times Captain Dallas was employed by Defendant as a Jones Act seaman.

2. Defendant, United States of America, as the U.S. Army Corps of Engineers, is sued in its capacity as owner of M/V Bienville (600 hp. Tow Boat) and the Jones Act employer of Plaintiff.

3. This Court has Subject Matter Jurisdiction pursuant to Article III § 2 of the United States Constitution and 28 U.S.C. § 1333(1). This case is designated as Rule 9(h) matter. Fed. R. Civ. P. 9(h).

4. Venue is proper as the accident and tortious conduct at issue, including the defalcations of the defendant in respect of the provision maintenance and cure benefits to Captain Dallas, all occurred in this judicial district.

5. On 17 April 2014 Captain Dallas was employed by Defendant as the Master of M/V Bienville, and Captain Dallas was seriously injured while escaping a free-swinging survey vessel (also owned and operated by Defendant), which survey vessel was suspended by the crane of a derrick barge (also owned, operated and crewed by Defendant).

6. This accident was caused by the negligence and fault of Defendant in the following non-exclusive particulars:

   a) Failing to have the supervisor on site;

   b) Failing to have an adequate number of workers assigned to the multiple tasks at hand, as well as the failure to adequately train the riggers and crane operator who were involved in the operation;

   c) Failing to have appropriate safety procedures, protocols and equipment in place for the operations at issue;

   d) Failure to provide a safe place to work; and

   e) Other instances of negligence and fault which will be proved at trial.

7. Captain Dallas also brings claims for the unseaworthiness of M/V Bienville, which specifics include, but are not limited to:

a) Failure to provide appropriate manpower (both in number and training) and equipment; and

b) Other instances of unseaworthiness which will be proved at trial.

8. Plaintiff seeks full damages for the breaches of seaworthiness.

9. Captain Dallas is also entitled to maintenance and cure benefits, and the Defendant's willful refusal to provide him with maintenance and cure benefits has resulted in a drastic and ongoing worsening of his medical conditions. In fact, Defendant made a conscious, willful and deceptive decision to deny Plaintiff his maintenance and cure benefits. This is an arbitrary, capricious, wanton, willful, vexatious and outrageous refusal to provide this injured seaman with maintenance and cure benefits. Plaintiff seeks punitive and exemplary damages, plus attorney's fees, court costs and litigation expenses for having to sue to obtain these benefits. Plaintiff also seeks additional compensatory damages for the worsening of his condition by virtue of this egregious misconduct of Defendant.

10. The applicable statutes of limitation are tolled and interrupted for several reasons. The Defendant – acting in bad faith – knowingly put Plaintiff in the FECA (Federal Employment Compensation Act) system and voluntarily made FECA payments to him– when he was a Captain of a vessel and clearly a Jones Act seaman entitled to seaman's benefits, including all of his

general maritime law benefits, rights, and remedies, including maintenance and cure. The Defendant's voluntary payment of FECA benefits to Plaintiff legally interrupted, tolled and otherwise suspended the statute of limitations. Defendant should not be allowed to benefit from these defalcations and misconduct. The causes of action brought in this complaint are therefore timely and viable.

11. Captain Dallas seeks full compensatory damages for pain and suffering, disability, loss of enjoyment of life, medical expenses, economic losses, maintenance and cure and all recoverable attorney's fees, court costs, litigation expenses, prejudgment interest from the date of the accident until paid, plus all other remedies available under the law.

12. Wherefore, Plaintiff Robert Davis, prays that after due proceedings are had, that there be judgment rendered in his favor, and against Defendant United States of America, for all general, equitable and exemplary damages available under the law.

Respectfully Submitted,

_/s/ Patrick H. Hufft_____
Patrick H. Hufft, T.A., LSBA # 17633
HUFFT & HUFFT
635 St. Charles Ave.

        New Orleans, La. 70130
        Telephone: 504.522.9413
        phufft@hufftlaw.com


        __/s/  Stephen M. Wiles_____
        Stephen M. Wiles, LSBA #17865
        Eli J. Hare, LSBA #36752
        1010 Common St., Suite 910
        New Orleans, La. 70112
        Telephone: 504.418.0262
        stephenmwiles@gmail.com
        ejhare.mail@gmail.com


**Please Issue Summons:**
1. Attorney General Loretta Lynch, Department of Justice, 950 Pennsylvania Ave NW, Washington, D.C. 20530.

2. Commandant, United States Army Corps of Engineers, New Orleans District, 7400 Leake Avenue, New Orleans, LA 70118.