## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROBERT DALLAS**                                         **CIVIL ACTION**

**VERSUS**                                                    **No. 16-10736**

**UNITED STATES OF AMERICA**                        **SECTION I**

### ORDER AND REASONS

Before the Court is the United States's motion[1] to dismiss Robert Dallas's claims for lack of subject-matter jurisdiction and for failure to state a claim. For the following reasons, this Court grants the motion.

Robert Dallas is a civil service employee of the United States and served as the master of the M/V Bienville. In 2014, Captain Dallas recovered federal worker's compensation benefits under the Federal Employees Compensation Act for injuries suffered in the course of employment. Nonetheless, Captain Dallas now brings suit against the United States under the Jones Act and the general maritime law.

The United States moves to dismiss, arguing, among other things, that the Federal Employees Compensation Act sets out the exclusive remedy for Captain Dallas's injuries. This Court agrees. Both Supreme Court and Fifth Circuit precedent are unequivocal that "a seaman injured in the course of his employment as a federal employee . . . is limited to the benefits provided under the terms of the Federal Employees Compensation Act and . . . may not maintain a suit for damages

---

[1] R. Doc. No. 6.

against the Government." *Johnson v. United States*, 402 F.2d 778, 779 (5th Cir. 1968); *see, e.g.*, *Johansen v. United States*, 343 U.S. 427 (1952).   Therefore, even though Captain Dallas requests that the Court "correct[]"[2] Supreme Court precedent, this Court is constrained to conclude that it lacks subject-matter jurisdiction to consider Captain Dallas's claims.  *See, e.g.*, *Armstrong v. U.S. Army Corps of Eng'rs*, No. 91-2808, 1991 WL 332257, at *2 (E.D. La. 1991).[3]

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED**.  All claims in this case are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, September 14, 2016.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[2] R. Doc. 5
[3] Because the Court is dismissing for lack of subject-matter jurisdiction, it does not reach the arguments regarding the statute of limitations.